**UNITED STATES DISTRICT COURT**        JS-6
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SA CV 20-00800-DOC-ADS        Date: June 18, 2020

Title: MITCHELL FREEM v. FEDERAL EXPRESS CORPORATION

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

| Kelly Davis | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| None Present | None Present |

PROCEEDINGS:        **ORDER GRANTING PLAINTIFF'S MOTION TO REMAND [12]**

Before the Court is Plaintiff Mitchell Freem's ("Plaintiff" or "Freem") Motion to Remand Case to Orange County Superior Court ("Motion") (Dkt. 12). The Court finds this matter appropriate for resolution without oral argument. *See* Fed. R. Civ. P. 78; C.D. Cal. R. 7-15. Having reviewed the moving papers submitted by the parties, the Court **GRANTS** Plaintiff's Motion to Remand.

**I.  Background**

    **A.  Factual Background**

Freem worked for Defendant Federal Express Corporation ("Defendant" or "FedEx") for eighteen years as a vehicle technician before his termination on May 24, 2018. *See* Complaint ("Compl.") (Dkt. 1) ¶ 9; Deposition of Mitchel Freem ("Freem Dep.") (Dkt. 1) at 135:20-25. Freem typically worked from 5:00 p.m. to 1:30 a.m., but frequently worked more hours because of the high inspection and repair demands of FedEx vehicles. *See* Compl. ¶ 9. Freem alleges that he worked more than eight hours in any given day and more than forty hours in any given week, did not receive ten-minute rest periods for every 3.5 hours of work, and did not receive meal periods in any given

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 20-00800-DOC-ADS                                   Date : June 18, 2020

Page 2

five-hour work week. *Id*. Freem further claims that FedEx instructed him to adjust his timecard so as to not incur overtime hours. *Id*. ¶ 10.

### B. Procedural Background

On January 23, 2019, Plaintiff filed a class action complaint in Orange County Superior Court alleging the following:

(1) failure to pay wages under the Fair Labor Standards Act ("FLSA") (29 U.S.C. §§ 206, 207);
(2) failure to pay wages for hours worked
(3) failure to provide meal periods
(4) failure to provide rest periods;
(5) failure to provide and maintain uniforms and equipment;
(6) failure to furnish accurate itemized wage statements;
(7) failure to pay wages due and payable twice monthly;
(8) failure to pay wages due at termination; and
(9) violations of the unfair competition law.

*See* Motion to Remand ("Mot.") (Dkt. 12) at 1:24-27, 2:1-2. On March 6, 2019, Defendant removed the case to district court under federal-question jurisdiction because of the FLSA claim. *See* Opposition ("Opp'n") (Dkt. 15) at 9:11-14. On February 10, 2020, Plaintiff filed a First Amended Complaint, dismissing the FLSA claim and admitting the case was a single-plaintiff action instead of a class action. *Id*. at 9:15-21; Reply to Opposition ("Reply") (Dkt. 16) at 2:4. On March 27, 2020, the district court remanded the case back to state court. *See* Opp'n at 9:22. On April 24, 2020, Defendant removed the case again, this time under diversity jurisdiction. *Id*. at 10:4-7.

Plaintiff filed the instant Motion to Remand (Dkt. 12) on May 22, 2020. Defendant filed an Opposition brief (Dkt. 15) on June 1, 2020. Plaintiff filed a Reply (Dkt. 16) on June 8, 2020.

### II. Legal Standard

Federal diversity jurisdiction requires that the parties be citizens of different states and that the amount in controversy exceed $75,000. 28 U.S.C. § 1332(a). For diversity jurisdiction purposes, a corporation is "deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SA CV 20-00800-DOC-ADS									Date :  June 18, 2020

Page 3

principal place of business." 28 U.S.C. § 1332(c)(1). The presence of any single plaintiff from the same state as any single defendant destroys "complete diversity" and strips the federal courts of original jurisdiction over the matter. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005).

Generally, a removing defendant must prove by a preponderance of the evidence that the amount in controversy satisfies the jurisdictional threshold. *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2008). If the complaint affirmatively alleges an amount in controversy greater than $75,000, the jurisdictional requirement is "presumptively satisfied." *Id.* A plaintiff who then tries to defeat removal must prove to a "legal certainty" that a recovery of more than $75,000 is impossible. *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938); *Crum v. Circus Circus Enters.*, 231 F.3d 1129, 1131 (9th Cir. 2000).

### III.    Discussion

Neither party contests that this case is now a single-plaintiff case instead of a class action. *See* Reply at 2:4. Plaintiff moves to remand the case back to state court because (1) the amount in controversy does not exceed $75,000 and (2) there are no new and different grounds for removal. *See* Mot. at 6:10-14. Defendant disagrees with both contentions. For the reasons discussed below, the amount in controversy is insufficient to warrant federal jurisdiction, and the Court need not determine whether there are new and different grounds for removal.

"[W]here an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees *may* be included in the amount in controversy." *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) (emphasis added). Without the FLSA claim, Plaintiff's claims arise primarily from California labor laws. The relevant statutory provisions state the following:

> In any action brought for the nonpayment of wages, fringe benefits, or health and welfare or pension fund contributions, the court shall award reasonable attorney's fees and costs to the prevailing party if any party to the action requests attorney's fees and costs upon the initiation of the action.
>
> . . . .

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SA CV 20-00800-DOC-ADS            Date : June 18, 2020

Page 4

> [A]ny employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit.

*See* Cal. Labor Code §§ 218.5(a), 1194(a) (West 2020).

Plaintiff alleges that his individual wage claims are worth $55,775.00. *See* Mot. at 3:17. Defendant claims that Freem's individual wage claims are worth $70,965.00. *See* Opp'n at 25:4. Both parties seek to include attorney's fees in the valuation of the amount in controversy. However, Plaintiff seeks to exclude attorney's fees for the dismissed FLSA claim, whereas Defendant seeks to include them. *See* Reply 7:27-28; Opp'n at 27:12-15. Hence, Plaintiff only seeks a $10,000.00 fee award, placing the amount in controversy at $65,775.00. *See* Mot. at 3:14-15. In contrast, Defendant estimates the attorney's fees to be worth $73,500.00, thereby placing the amount in controversy at $144,465.00. *See* Opp'n at 20:11-12.

Because Plaintiff has dismissed the FLSA claim and now represents that he will not seek the corresponding attorney's fees, the Court declines to include them in the amount in controversy. Without the attorney's fees stemming from Plaintiff's FLSA claim, Defendant has not met its burden to show that the amount in controversy exceeds the jurisdictional threshold. Thus, the Court finds that it lacks diversity jurisdiction over this matter.

### IV. Disposition

For the reasons set forth above, the Court **GRANTS** Plaintiff's Motion to Remand.

The Clerk shall serve this minute order on the parties.

MINUTES FORM 11            Initials of Deputy Clerk: kd

CIVIL-GEN

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SA CV 20-00800-DOC-ADS                                                                 Date : June 18, 2020

Page 5